**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**RKR LEGAL**
Sina Rezvanpour, Esq. (274769)
sr@rkrlegal.com
245 Fischer Ave, Suite D1
Costa Mesa, California 92626
Telephone: (866) 502-0787
Facsimile: (866) 502-5065

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff*,
Joubin Mortezapour

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOUBIN MORTEZAPOUR, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>Plaintiff,<br><br>v.<br><br>**FOOT LOCKER RETAIL, INC.,**<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATION OF THE SONG-BEVERLY CREDIT CARD ACT OF 1971, CAL. CIV. CODE § 1747, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

///
///
///
///
///

## INTRODUCTION

1. California Civil Code §1747.08 generally states that when a merchant is engaged in a retail transaction with a customer, the merchant may neither (1) request personal identification information from a customer paying for goods with a credit card, and then record that personal identification information upon the credit card transaction form or elsewhere; nor (2) require the cardholder, as a condition to accepting the credit card as payment, to provide the customer's personal identification information, which the retailer then causes to be written, or otherwise records it upon the credit card transaction form or elsewhere.

2. Defendant FOOT LOCKER RETAIL, INC. ("Defendant") operates retail stores throughout the United States, including in the State of California. Defendant currently is utilizing a policy whereby Defendant's cashiers both request and record credit card numbers and personal identification information from customers using credit cards at the point-of-sale in Defendant's retail establishments, in violation of California Civil Code §1747.08. Defendant's acts and practices, as described herein, were at all times intentional.

3. Plaintiff JOUBIN MORTEZAPOUR ("Plaintiff") is informed and believes, and thereon alleges, that Defendant uses personal identification information obtained from the cardholder to acquire additional personal information, by pairing such personal identification information with the cardholder's name obtained from the credit card used by such cardholders. Such conduct is performed intentionally and without the knowledge or consent of the cardholder, and is of potentially great benefit to Defendant.

///
///
///
///
///

4. Plaintiff does not seek any relief greater than or different from the relief sought for the class of which Plaintiff is a member. If successful, this action will enforce an important right affecting the public interest and will confer significant benefits, both pecuniary and non-pecuniary, on a large class of persons. Private enforcement is necessary and places a disproportionate financial burden on Plaintiff in relation to Plaintiff's stake in the matter.

## JURISDICTION AND VENUE

5. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff, a resident of the State of California, seeks relief on behalf of a California class, which will result in at least one class member belonging to a different state than that of Defendant, a company whose principal place of business is in the State of Pennsylvania and State of Incorporation are in the State of New York . Plaintiff is also informed and believes that damages will exceed the $5,000,000 threshold for federal court jurisdiction because Plaintiff seeks $1,000 for Plaintiff and each member of the class. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

6. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of Los Angeles, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES

7. Plaintiff is a resident of the County of Los Angeles, State of California, and entered into a retail transaction with Defendant at one of Defendant's California stores.

///

8. Plaintiff brings this class action against Defendant, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the class of persons hereinafter defined (herein referred to as the "Class").

9. Defendant is a New York corporation with a principal place of business is located in the State of Pennsylvania. Defendant operates retail stores throughout California, including stores in Los Angeles County.

## FACTUAL ALLEGATIONS

10. On July 12, 2014, Plaintiff went to Defendant's retail store located at 6600 Topanga Canyon Blvd #7108, Canoga Park, CA 91303.

11. Plaintiff entered Defendant's store and proceeded to select merchandise that Plaintiff intended to purchase from the store.

12. After selecting a pair of shoes, Plaintiff proceeded to the cashiers' section of Defendant's store to pay for the selected merchandise through the use of a credit card.

13. Defendant's employee saw that Plaintiff had selected a pair of shoes that Plaintiff wished to purchase from Defendant and, as part of Defendant's uniform policy, Defendant's employee requested personal identification information in the form of a telephone number from Plaintiff, without informing Plaintiff of the consequences if Plaintiff did not provide Defendant's employee with Plaintiff's requested personal identification information.

14. Plaintiff, believing that Plaintiff was required to provide Plaintiff's telephone number to complete the transaction and receive Plaintiff's receipt, orally conveyed the requested information to Defendant's employee.

15. Only after Plaintiff provided Plaintiff's telephone number, Defendant's employee ran Plaintiff's credit card and processed the transaction.

16. Defendant's employee and Plaintiff completed the transaction and Plaintiff left Defendant's store with Plaintiff's purchased merchandise.

## CLASS ALLEGATIONS

17. The proposed Class is defined as: all persons in California from whom Defendant requested and recorded personal identification information in conjunction with a credit card transaction within one (1) year of the filing of this case.

18. Excluded from the Class are Defendant, its corporate parents, subsidiaries and affiliates, officers and directors, any entity in which Defendant has a controlling interest, and the legal representatives, successors or assigns of any such excluded persons or entities.

19. The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time, such information can be ascertained through appropriate discovery, from records maintained by Defendant and its agents.

20. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all members is impracticable, the likelihood of individual Class members prosecuting separate claims is remote, and individual Class members do not have a significant interest in individually controlling the prosecution of separate actions. Prosecuting hundreds of identical, individual lawsuits statewide does not promote judicial efficiency or equity and consistency in judicial results. Relief concerning Plaintiff's rights under the law alleged herein and with respect to the Class as a whole would be appropriate. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

21. There is a well-defined community of interest among the members of the Class because common questions of law and fact predominate, Plaintiff's claims are typical of the members of the Class, and Plaintiff can fairly and adequately represent the interests of the Class.

22. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:
    a. Whether each Class member engaged in a credit card transaction with Defendant;
    b. Whether Defendant requested the cardholder to provide personal identification information and recorded the personal identification of the cardholder, during credit card transactions with Class members;
    c. Whether Defendant's conduct of requesting the cardholder to provide personal identification information during credit card transactions and recording the personal identification information of the cardholder constitutes violations of California Civil Code §1747.08;
    d. Whether Plaintiff and the Class members are entitled to civil penalties pursuant to California Civil Code §1747.08(e), and the proper measure of such penalties.
    e. Whether Defendant's conduct was knowing and/or willful;
    f. Whether Plaintiff and the Class Members were damaged thereby; and,
    g. Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.
23. Plaintiff's claims are typical of those of the other Class members because Plaintiff and every other Class member was exposed to virtually identical conduct, and each is entitled to civil penalties in amounts of up to one thousand dollars ($1,000) per violation pursuant to California Civil Code §1747.08(e).
24. Plaintiff can fairly and adequately represent the interests of the Class; he has no conflicts of interest with other Class members, and he has retained counsel competent and experienced in class action and civil litigation.

# FIRST CAUSE OF ACTION

## VIOLATIONS OF CALIFORNIA CIVIL CODE § 1747, SONG-BEVERLY CREDIT CARD ACT OF 1971

25. Plaintiff refers to and incorporates by reference as though set forth fully herein each of the paragraphs above.

26. California Civil Code §1747.08 prohibits any corporation that accepts credit cards for the transaction of business from requesting the cardholder to provide personal identification information, which the corporation then records in conjunction with a credit card transaction.

27. Defendant is a corporation that accepts credit cards for the transaction of business.

28. During credit card transactions entered into at Defendant's stores on each and every day during the one-year period preceding the filing of this Class Action Complaint through the present, Defendant utilized a policy whereby Defendant's cashiers both request and record personal identification information in conjunction with credit card transactions at the point-of-sale in Defendant's retail establishments.

29. It is, and was, Defendant's routine business practice to intentionally engage in the conduct described in this cause of action with respect to every person who, while using a credit card, purchases and product from any of Defendant's stores in the State of California.

///
///
///
///
///
///
///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and the Class Members pray for judgment against Defendant as follows:

- An Order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper Class representative, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;
- An award of statutory damages of $1,000 to Plaintiff and the Class Members pursuant to Cal. Civ. Code § 1747.08(e);
- An award of attorneys' fees as authorized by statute including, but not limited to, the provisions of California Code of Civil Procedure §1021.5, and as authorized under the "common fund" doctrine, and as authorized by the "substantial benefit" doctrine;
- For costs of the suit;
- For prejudgment interest at the legal rate; and,
- For such other relief as the Court may deem just and proper.

**TRIAL BY JURY**

30. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: July 24, 2014                                     Respectfully submitted,

                                                         **KAZEROUNI LAW GROUP, APC**


                                                         By: ___/s/ Matthew M. Loker___
                                                              MATTHEW M. LOKER, ESQ.
                                                              ATTORNEY FOR PLAINTIFF